UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIV. 06-4016 |
| | * | |
| Plaintiff, | * | |
| | * | |
| -vs- | * | |
| | * | |
| TWO BANK ACCOUNTS DESCRIBED AS: | * | |
| | * | |
| Bank Account | * | |
| In the amount of $197,524.99 | * | MEMORANDUM OPINION |
| Bank of America | * | AND ORDER |
| Seattle, Washington | * | |
| | * | |
| Bank Account | * | |
| In the amount of $20,523.42 | * | |
| Bank of America | * | |
| Seattle, Washington | * | |
| | * | |
| Defendants. | * | |
| | * | |



* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CIV 06-4005 |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| 11 BANK ACCOUNTS DESCRIBED AS: | * | |
| | * | |
| Certificate of Deposit | * | |
| In the amount of $100,383.56 | * | |
| Minnwest Bank | * | |
| Luverne, Minnesota | * | |
| | * | |
| Certificate of Deposit | * | |
| In the amount of $100,404.11 | * | |
| Minnwest Bank | * | |
| Tracy, Minnesota | * | |
| | * | |
| Certificate of Deposit | * | |
| In the amount of $100,410.96 | * | |
| Minnwest Bank | * | |
| Montivideo, Minnesota | * | |
| | * | |

Certificate of Deposit                              *
In the amount of $100,465.75                        *
Minnwest Bank                                       *
Ortonville, Minnesota                               *
                                                    *
Bank Account                                        *
In the amount of $18,015.75                         *
Minnwest Bank                                       *
Ortonville, Minnesota                               *
                                                    *
Bank Account                                        *
In the amount of $76,543.07                         *
Minnwest Bank                                       *
Ortonville, Minnesota                               *
                                                    *
                                                    *
Bank Account                                        *
In the amount of $4,292.51                          *
Brookings Federal Bank                              *
Brookings, South Dakota                             *
                                                    *
Certificate of Deposit                              *
In the amount of $100,438.00                        *
Minnwest Bank                                       *
Redwood Falls, Minnesota                            *
                                                    *
Bank Account                                        *
In the amount of $170,122.48                        *
American Express                                    *
Minneapolis, Minnesota                              *
                                                    *
Bank Account                                        *
In the amount of $2,693.54                          *
Bank of America                                     *
Seattle, Washington                                 *
                                                    *
Bank Account                                        *
In the amount of $54,529.99                         *
Bank of America                                     *
Seattle, Washington                                 *
                                                    *
                  Defendants.                       *
                                                    *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending are Claimant Jewell's Motions to Compel (Doc. 24 in Civ. No. 06-4016 "Two Bank Accounts" and Doc. 35 in Civ. No. 06-4005 "Eleven Bank Accounts."). Claimant Jewell has

requested oral argument on both motions. The Court has reviewed the files and the parties' written submissions and has concluded the matter may be decided on the record without oral argument.

## BACKGROUND

The two above-captioned civil forfeiture proceedings were filed in the District Court in January, 2006. In each case, the Government alleges the funds in the subject bank accounts have been used in violation of 18 U.S.C. §§ 1343 (wire fraud) and 1956 (money laundering) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and 981(a)(1)(C). In both instances, the funds in the subject bank accounts have been seized, converted to bank checks, and turned over to the U.S. Marshal Service for the District of South Dakota pursuant to a seizure warrant which was signed on July 27, 2005 by the undersigned Magistrate Judge. The interested parties ("Claimants") in Civ. 06-4005 (Eleven Bank Accounts) are Robert Woldt (representing himself) and Timothy Jewell (represented by Mr. Finer and Mr. Talley). The interested parties ("Claimants") in Civ. No. 06-4016 (Two Bank Accounts) are Harvey Dockstader (representing himself) and Timothy Jewell (represented by Mr. Finer and Mr. Talley).

During the course of the proceedings, a discovery dispute arose between the Claimants and the Government. In both cases, the Claimants served two sets of discovery requests upon the Government. The Government responded, produced some of the requested information, and after the second discovery request, produced a "privilege log" which identified and described each document requested by Claimants that had not been produced. The parties have been unable to resolve their differences. Identical motions to compel, declarations, and briefs have been filed in both cases. The same documents are at issue in both cases. Accordingly, this Memorandum Opinion and Order is being filed in both cases.

## JURISDICTION

This discovery dispute was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Judge Piersol's Standing Order dated February 1, 2002.

## DISCUSSION

### Standard of Review/Burden of Proof

The District Court's determination whether a party is entitled to withhold discovery pursuant to a claim of privilege is reviewed for an abuse of discretion. Rabushka ex. rel. United States v. Crane Co., 122 F.3d 559, 565 (8th Cir. 1997). The party claiming the privilege bears the burden of proving the information sought is protected. Duffy v. Dier, 465 F.2d 416, 418 (8th Cir. 1972).

### The Government's Privilege Log and Explanatory Declarations

In both cases, a copy of the Government's privilege log which was created in response to Claimant Jewell's second set of discovery requests is attached to the Claimant's opening Brief in Support of Motion to Compel. See Doc. 26-3, 37-3). The first four pages of the log refer to Bates-stamped documents. The next fourteen pages refer to separately numbered and dated documents from FBI Agent Matt Miller's file. In both cases, the Government filed the declarations of Marty Jackley, SA Matthew Miller, and Stephanie Bengford. The declarations refer to and/or describe in detail the items listed in the privilege log.

### Analysis

Claimant Jewell seeks to compel information gathered and composed by the Government through its agent, FBI Special Agent Matthew Miller. Jewell asserts the documents he requests are necessary for his defense because, he alleges, the seizure of all the subject bank accounts was illegal. He alleges Agent Miller made false allegations in the warrant applications, and that he needs the requested documents to prove reckless/intentional misconduct. Claimant Jewell asserts he "can show that the disclosed FBI records now in claimant's possession show that portions of the affidavit in support of the seizures in this case are plainly false." Jewell does not specify in his Motions to Compel nor the supporting briefs which portions of Miller's affidavit are false. The Government resists disclosure, claiming the information Jewell seeks is protected by the work product and/or investigatory files privilege.

Fed. R. Civ. P. 26 requires parties to civil litigation to provide their opponents with information "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ." Fed. R. Civ. P. 26(b)(1). Parties are required to disclose their work product, however, only in limited circumstances. Fed. R. Civ. P. 26(b)(3). There are two kinds of work product: ordinary work product and opinion work product. Ordinary work product includes raw factual information, while opinion work product includes mental impressions, conclusions, opinions or legal theories. Baker v. General Motors Corp., 209 F.3d 1051, 1054. (8th Cir. 2000). The work product privilege applies to information compiled not only by an attorney, but also by an attorney's consultant or agent, including an FBI agent. United States v. Chatham City Corp., 72 F.R.D. 640, 642 (S.D. Ga. 1976). "It is necessary that the work product doctrine, in civil as well as criminal cases, protect material prepared by agents for the attorney as well as those prepared by the attorney himself." Id.

Investigative reports of the FBI and interview notes by its agents are materials prepared in anticipation of litigation and are thus work product. Chatham City, 72 F.R.D. at 643. As such, they

are not subject to disclosure in the absence of a showing of "substantial need" and that the movant is unable to obtain the substantial equivalent without undue hardship. Id.; Fed. R. Civ. P. 26(b)(3). If a witness is available to the other party, no "substantial need" to produce witness statements from the opponent's file can be shown. Baker, 209 F.3d 1051, 1054. Discovery of work product material will be denied if the information desired can be obtained by deposition. Chatham City, 72 F.R.D. at 644. The cost or inconvenience of taking depositions is not in itself sufficient showing to meet the undue hardship requirements of [Rule 26]" Id. The Advisory Committee's notes to Rule 26 reflect the importance of protecting work product materials: "each side's informal evaluation of its case should be protected . . . each side should be encouraged to prepare independently, and . . . one side should not automatically have the benefit of the detailed preparatory work of the other." The litigant who diligently prepares and evaluates his case does not have to "invite his adversary to a feast where the fruits of his labor are freely served." Chatham City, 72 F.R.D. at 643. An opposing party's natural desire to learn the details of his adversary's trial preparation, and to assure he has not overlooked anything, are certainly not special circumstances "since they are present in every case." Id. And, the "possibility" that impeaching material might be found in an opponents files does not justify a court order allowing discovery of otherwise privileged materials. Id.

Even if the movant shows a substantial need, the impressions, opinions, and conclusions of the attorney or agent (opinion work product) are absolutely protected from disclosure. Id. For example, the notes and memoranda of the attorney or agent from a witness interview are opinion work product and entitled to absolute immunity. Baker, 209 F.3d 1051, 1054.

The Government also asserts the investigatory file/law enforcement privilege as to some of the documents identified in the privilege log. The law enforcement privilege is a "judge-fashioned evidentiary privilege" which is not absolute. Dellwood Farms, Inc. v. Cargill, Inc., 128 F.3d 1122, 1124, 1125 (7th Cir. 1997).[1] The privilege is limited and protects the "informal investigatorial and trial-preparatory processes . . ." Stephens Produce Co., Inc. v. National Labor Relations Board, 515 F.2d 1373, 1376 (8th Cir. 1975). Investigatory interviews are covered by the privilege if they would reflect nothing more than the investigator's informal impressions. Id. The claim of investigatory file/law enforcement privilege is often associated with the law enforcement exemptions to the

---

[1]See also Friedman v. Bache Halsey Stuart Shields, Inc. 738 F.2d 1336, 1341 (D.C. Cir. 1984) ("There surely is such a thing as a qualified common law privilege, within the meaning of Fed. R. Civ. P. 26(b), for law-enforcement investigatory files. Also when the existence of such a conditional privilege is established, there is a need to balance the public interest in nondisclosure against the need of the particular litigant for access to the privileged information.").

Freedom of Information Act, 5 U.S.C. § 552(b)(7).  See e.g. Keuhnert v. FBI, 620 F.2d 662 (8th Cir. 1980); Cleary v. FBI, 811 F.2d 421 (8th Cir. 1987).  The privilege for the investigatory process is very narrow and should be honored where the policy behind its invocation outweighs any necessity for the information articulated by the party who seeks it. Stephens, 515 F.2d at 1377. One of the purposes of the investigative file privilege is to protect the identity of informants.  By keeping their identities secret, the privilege "recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." Mitchell v. Bass, 252 F.2d 513, 516 (8th Cir. 1958). The scope of the privilege is limited, and where the disclosure of the contents of the communication will not reveal the identity of the informer, or where the identity of the informer has already been disclosed to the person who would have cause to resent the communication, the privilege is no longer applicable.  Id.  As with the work product privilege, the "mere hope or surmise that impeaching material will be found in the investigatory file" is insufficient to overcome the privilege once it has been claimed. Stephens, 515 F.2d at 1377.

The Fourth Amendment's exclusionary rule applies to this quasi-criminal forfeiture proceeding.  United States v. $404,905.00 in U.S. Currency, 182 F.3d 643, 646 (8th Cir. 1999). Claimant Jewell asserts the  the items listed in the Government's privilege log must be disclosed because he "can show that the disclosed FBI records now in [his] possession show that portions of the affidavit in support of the seizures in this case are plainly false" but he  does not specify  which portions of Miller's affidavit are false. Claimant Jewell also asserts he should be allowed to review all the documents contained in the Government's files, including those described in the privilege log, to determine whether Miller omitted any material facts which may have caused the affidavit to be so misleading as to deprive it of probable cause.  See Doc. 26, p. 6, Doc. 37, p. 7.  Claimant  Jewell asserts a need for  the information in order to make the preliminary showing for a  hearing to determine the veracity of the seizure warrant affidavit pursuant to Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 677 (1978).   In order to show entitlement to a Franks hearing, the proponent must make a substantial preliminary showing that the affiant made a false statement knowingly, intentionally, or with reckless disregard for the truth. United States v. Mathison, 157 F.3d 541, 548 (8th Cir. 1998). The requirement of a substantial preliminary showing is not lightly met.  A mere allegation, without an offer of proof such as an affidavit from a witness or some other reliable corroboration, is insufficient to make the "difficult" preliminary showing.   And, the identification of falsehoods in the affidavit, without some proof the alleged falsehoods were

deliberate or reckless, is likewise insufficient to justify a Franks hearing. Id. [2]

With these standards in mind, Claimant Jewell's motion to compel and the Government's claim that the documents identified in its privilege log should be protected from disclosure will be reviewed.

### 1. The Bates Stamped Documents

Bates stamped documents 2194-2201, 2242-2244, 2250-2257, and 2297-2299 are bank records attached to the 9/17/04 Denise Monsees 302. The Government states in its Briefs that it is no longer asserting any privilege as to the bank records and financial documents. See Doc. 30, p. 20-21, Doc. 41, p. 20-21. Claimant Jewell's motion to compel will be GRANTED as to these documents.

Bates stamped documents 2943, 2947 and 2948 contain information provided from non-federal investigatory agencies to Agent Miller. (Miller Aff. ¶ 4). The Government asserts the investigatory files privilege. Claimant Jewell has failed to articulate a sufficient reason to overcome the privilege to justify disclosure of these documents. See Cleary v. FBI, 811 F.2d 421, 423 (8th Cir. 1987) ("disclosure of confidential information could hinder present and future law enforcement investigations, and in this case could affect relations between local and federal law enforcement agencies."). Claimant Jewell's motion to compel will be DENIED as to these documents.

Bates stamped documents 2975-2976 contain information provided from a non-federal agency (the South Dakota Attorney General's Office). The report reveals a confidential source for a computer ID and password to access information regarding the alleged fraudulent scheme which forms the basis for the Government's claims against Mr. Jewell in the pending forfeiture proceedings. See Jackley declaration ¶ 1.a, Miller declaration ¶ 4. There is no indication the confidential source has been otherwise disclosed. The Government asserts the investigatory files privilege. Claimant Jewell has failed to articulate a sufficient reason to overcome the privilege to justify disclosure of these documents. See, Mitchell v. Bass, 252 F.2d 513, 516 (8th Cir. 1958) (referring to "informer's privilege" as "well established in the law of evidence."); Cleary, 811 F.2d at 423 (acknowledging importance of investigatory files privilege to the cooperation between local and federal law enforcement agencies). Claimant Jewell's motion to compel will be DENIED as to these documents.

---

[2]In the alternative to a disclosure order, Claimant Jewell requests the Court to review certain privilege log documents *in camera* to determine whether any of the documents reveal misrepresentations or omissions made in Agent Miller's affidavit.

Bates stamped documents 2982, 2984, 2985, 2994-2995, 3058, 3059, 3061, 3062, 3079-80, 3083, 3084, 3085, 3086-3090, 3093-3097, 3125-3126, 3127, 3128, 3129, 3132, 3134, and 3139 are either documents or e-mails received from investigators from the South Dakota or Minnesota Attorney General's offices. Jackley declaration ¶ 1.c, 1.d, Miller declaration ¶ 4. Embedded within some of the documents are e-mails composed by Mr. Jewell himself. It is not clear to whom Mr. Jewell sent the e-mails. The Government has produced the body of Jewell's own e-mails, but has not produced internal information regarding the forwarded Jewell e-mails which was shared among or between the Attorney Generals' offices and/or the FBI.   Some of the documents are purely correspondence between the agencies regarding Mr. Jewell.   The Government asserts the investigatory files privilege. Claimant Jewell has failed to articulate a sufficient reason to overcome the privilege to justify disclosure of these documents. See See Cleary v. FBI, 811 F.2d 421, 423 (8th Cir. 1987) ("disclosure of confidential information could hinder present and future law enforcement investigations, and in this case could affect relations between local and federal law enforcement agencies."). Claimant Jewell's motion to compel will be DENIED as to these documents.

## 2.    The Numbered, Dated Documents

The Government states in its Briefs that it is no longer asserting any privilege as to the bank records and financial documents. See Doc. 30, p. 20-21, Doc. 41, p. 20-21. Claimant Jewell's motion to compel will therefore be GRANTED as to Document No. 98 in the privilege log, which is described as "[a]ll bank records contained in box 1 and box 2 of FBI file this includes scanned bates numbers 000001 -002183 and bank records which have not been scanned."

Several documents in the privilege log are Agent Miller's handwritten notes about his conversations with various persons. Miller explained in paragraph 11 of his declaration that he had "numerous meetings or telephone conversations who [he] believed may possess information to assist [him] with the investigation or relevant to the investigation. [He] often [took] handwritten notes when talking with individuals . . . the majority of information [he wrote] down [was] factual information [he was] provided while [he was] questioning the individual. However, at times, in general [his] notes from conversations with individuals may contain statements by [him] stating [his] mental impressions of the interview, for example, a note as to an additional lead which [needed] to be investigated." Agent Miller's notes containing his thoughts about conversations with persons having knowledge about the investigation are opinion work product. Baker v. General Motors Corp., 209 F.3d 1051, 1054, (8th Cir. 2000); United States v. Chatham City Corp., 72 F.R.D. 640, 642-43 (S.D. Ga. 1976). As such, they *shall* be protected from disclosure. Even if they were mere witness

8

statements, Claimant Jewell has not shown substantial need for disclosure of what would be Agent Miller's ordinary work product, because "the surmise or possibility" that impeaching material might be found in witness statements is insufficient to require disclosure of ordinary work product, and Claimant Jewell has made not showing why he is unable to obtain the information desired by "other methods of discovery such as taking the deposition of the witness." Id. Claimant Jewell's Motion to Compel will be DENIED as to Document Nos. 1-43, 47, 49, 50, 51, 52, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 77, 78, 79 and 80.

The next category of documents in the privilege log are letters exchanged between Agent Miller and Robert Woldt. Mr. Woldt is Mr. Jewell's co- Claimant in Civ. 06-4005 ("Eleven Bank Accounts"). Some of the documents are letters Mr. Woldt wrote to Agent Miller. Docs. 44-46, 66-68, 70, 72-73, 89-96. Some are letters Agent Miller wrote to Mr. Woldt. Docs. 69, 71, 74, 75. The Government asserts the investigatory files privilege and the work product privilege. The Government asserts that to require disclosure would discourage citizens in general like Mr. Woldt from providing assistance in the future. See Jackley declaration ¶ 4. Agent Miller explains in his declaration that Claimant Jewell and Claimant Woldt know each other and "at least would be considered business associates." Miller declaration ¶ 6. The Government's claim that Mr. Woldt's letters should not be disclosed pursuant to the investigatory files privilege because it would prevent "citizens in general, like Mr. Woldt" from providing assistance in the future is not persuasive. Mr. Woldt is far from a disinterested "citizen in general." He is a claimant in this case. "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation. The scope of the privilege is limited by its underlying purpose. . . . once the identity of the informer has been disclosed . . . the privilege is no longer applicable." Mitchell v. Bass, 252 F.2d 513, 516 (8th Cir. 1958). Mr. Woldt's letters to Agent Miller may be subject, however to the ordinary work product doctrine. In order to protect work product, the party seeking protection must show the materials were prepared in anticipation of litigation, i.e. because of the prospect of litigation. Pepsico v. Baird, Kurtz & Dobson, LLP, 305 F.3d 813, 817 (8th Cir. 2002). Unlike the documents Agent Miller prepared himself, it is impossible to know without an *in camera* review what motivated Woldt's letters to Miller. The Woldt letters, therefore, (privilege log Docs. 44-46, 66-68, 70, 72-73, 89-96) shall be produced for *in camera* review. See State of Minnesota v. Dept. of Energy, 1982 WL 1155 (D. Minn. 1982); Cox. v. United States Dept. Of

Justice, 576 F.2d 1302, 1312-13 (8th Cir. 1978) (court has discretion to review documents *in camera*, but the role of *in camera* inspection should be limited because it is contrary to the traditional judicial role of deciding issues in an adversarial context in open court.). It is also noted that should Woldt, rather than Jewell, request copies of Docs. 44-46, 66-68, 70, 72-73, and 89-96 from the Government, the Government would be required without an *in camera* review to produce them pursuant to Rule 26(b)(3). The Rule provides, in part, that "a party may obtain without the required showing a statement concerning the action or its subject matter previously made *by that party*." Mr. Woldt, therefore, is entitled to copies of his own letters to Agent Miller upon request by Woldt. The letters from Agent Miller to Woldt (privilege log Docs. 69, 71, 74, ,75) must be produced. The Government claims these documents are protected by the work product doctrine. They have obviously, however, already been disclosed to Mr. Woldt, a party who is adverse to the Government in this matter. See Woldt's Verified Answer to Amended Verified Complaint, Doc. 11. The work product doctrine should be applied in a commonsense manner in light of reason and experience as determined on a case-by-case basis, and disclosure to an adversary waives work product protection as to items actually disclosed. Pittman v. Frazer, 129 F.3d 983, 988 (8th Cir. 1997). Jewell's motion to compel will be GRANTED as to privilege log Docs. 69, 71, 74 and 75.

Privilege log Doc. 48 is a memo regarding Jewell's bank account activities from Denise Monsees, a bank employee, to Lt. Jeff Miller, a Brookings, South Dakota police officer. This document was provided to FBI Agent Miller by Jeff Miller. Jackley declaration ¶ 8, Miller declaration ¶ 10. The Government asserts the investigatory files privilege. Claimant Jewell has failed to articulate a sufficient reason to overcome the privilege to justify disclosure of this document. See See Cleary v. FBI, 811 F.2d 421, 423 (8th Cir. 1987) ("disclosure of confidential information could hinder present and future law enforcement investigations, and in this case could affect relations between local and federal law enforcement agencies."). Claimant Jewell's motion to compel will be DENIED as to this document.

Privilege log Doc. 53 is the working copy of a 302 prepared by an FBI agent other than Agent Miller in a separate, unrelated investigation. Miller declaration ¶ 4. The Government asserts the investigatory files privilege. Claimant Jewell has failed to articulate a sufficient reason to overcome the privilege to justify disclosure of this document. Stephens Produce Co. v. National Labor Relations Board, 515 F.2d 1373, 1376 (8th Cir. 1975 )(investigatorial privilege protects informal investigatorial and trial preparatory processes and informal impressions). Claimant Jewell's motion to compel will be DENIED as to this document.

Privilege log Doc. 54 is an interoffice memo between Agent Miller and another FBI employee about whether there are open investigations pending on the persons listed in the memo. Miller declaration ¶ 7, Jackley declaration ¶ 6 a.  The Government asserts the investigatory files privilege.  Claimant Jewell has failed to articulate a sufficient reason to overcome the privilege to justify disclosure of this document. Stephens Produce Co. v. National Labor Relations Board, 515 F.2d 1373, 1376 (8ᵗʰ Cir. 1975 )(investigatorial privilege protects informal investigatorial and trial preparatory processes and informal impressions).  It is also noted that the interoffice memo between Agent Miller and another employee, in which Miller instructs the employee to check on open investigations and then follow up on the results, consists of Miller's work product.  United States v. Chatham City Corp., 72 F.R.D. 640, 643 (S.D. Ga. 1976) (FBI investigative reports are privileged work product information and not subject to disclosure absent a showing of substantial need). Claimant Jewell's motion to compel will be DENIED as to this document.

Privilege log Doc. 76 is an e-mail correspondence between Agent Miller and another FBI employee.  In the correspondence, Agent Miller inquires whether the other employee has any background information about one of the subjects (not Mr. Jewell) of Miller's investigation.  The employee replies with information which does not relate to the current case.  Jackley declaration ¶ 6, Miller declaration ¶ 9.  The Government asserts the investigatory files privilege, and asserts the information is not discoverable because it is not reasonably calculated to lead to the discovery of admissible evidence.  Claimant Jewell has failed to articulate a sufficient reason to overcome the privilege to justify disclosure of this document. Stephens Produce Co. v. National Labor Relations Board, 515 F.2d 1373, 1376 (8ᵗʰ Cir. 1975 )(investigatorial privilege protects informal investigatorial and trial preparatory processes and informal impressions).  It is also noted that the interoffice communication between Agent Miller and another employee, in which Miller requests and receives information from the other employee , consists of Miller's work product.  United States v. Chatham City Corp., 72 F.R.D. 640, 643 (S.D. Ga. 1976)  (FBI investigative reports are privileged  work product information and not subject to disclosure absent a showing of substantial need).  Claimant Jewell's motion to compel will be DENIED as to this document.

Privilege log Docs. 81, 82 and 83 are public database inquires regarding the assets of Robert and Shirley Woldt and Timothy Jewell  and a memorandum summarizing the inquiries, prepared by an FBI employee.  Bengford declaration ¶ 22.  The Government asserts the investigatory files privilege and the work product privilege.  Claimant Jewell has failed to articulate a sufficient reason to overcome the privileges asserted  to justify disclosure of these documents. Stephens Produce Co.

v. National Labor Relations Board, 515 F.2d 1373, 1376 (8th Cir. 1975 )(investigatorial privilege protects informal investigatorial and trial preparatory processes and informal impressions).United States v. Chatham City Corp., 72 F.R.D. 640, 643 (S.D. Ga. 1976)  (FBI investigative reports are privileged  work product information and not subject to disclosure absent a showing of substantial need).  Claimant Jewell's motion to compel will be DENIED as to these documents.

Privilege log Doc. 84 is a handwritten document prepared by Agent Miller entitled "Outline for Affidavit for Warrant to Seize."  It is a draft outline of the topics to discuss in his affidavit in support of the seizure warrant in this case.  Bengford declaration ¶ 19.  The Government asserts the investigatory files privilege, the work product privilege, and the attorney client privilege.[3]  Agent Miller's draft affidavit is opinion work product and is entitled to absolute protection from disclosure. Baker v. General Motors Corp., 209 F.3d 1051, 1054. (8th Cir. 2000); United States v. Chatham City Corp., 72 F.R.D. 640, 642 (S.D. Ga. 1976). Claimant Jewell's motion to compel will be DENIED as to this document.

Privilege log Doc. 85 is an example of an application and affidavit in support of seizure warrant which was provided by AUSA Ridgway (the AUSA originally assigned to the case) to Agent Miller.  Bengford Affidavit ¶ 20.   The Government asserts the investigatory files privilege, the work product privilege, and attorney client privileges as to this document.[4]  The example application and affidavit exchanged between AUSA Ridgway and Agent Miller are representative of their  thought processes and mental impressions regarding how the case should proceed, and are therefore absolutely protected from disclosure by the opinion work product privilege.   Baker v. General Motors Corp., 209 F.3d 1051, 1054. (8th Cir. 2000); United States v. Chatham City Corp., 72 F.R.D. 640, 642 (S.D. Ga. 1976). Claimant Jewell's motion to compel will be DENIED as to this document.

Privilege log Doc. 86 is a compilation of legal cases which were faxed from the UASA's office in Sioux Falls to the FBI office in Sioux Falls.  The cover page cannot be located. The cases

---

[3]The Government asserted the attorney client privilege in the privilege log, but did not address it in its brief.  Instead, the Government relied on the investigatory files and work product privileges.  Because non-disclosure of the document is appropriate based on the investigatory and work product privileges, a discussion about the attorney client privilege is not necessary.

[4]Again, the Government asserted the attorney client privilege in the privilege log, but did not address it in its brief.  Instead, the Government relied on the investigatory files and work product privileges.  Because non-disclosure of the document is appropriate based on the investigatory and work product privileges, a discussion about the attorney client privilege is not necessary.

are highlighted and the subject matter relates to Agent Miller's investigation. Given that the cases were faxed from the AUSA's office to the FBI office, and the relevant highlighting, Attorney Bengford opines the cases were faxed from Attorney Ridgway to Agent Miller for his consideration. Bengford declaration ¶ 21. The Government asserts the investigatory files privilege, work product privilege, and attorney client privilege.[5] The legal research contained in Agent Miller's file, with pertinent portions of the cases highlighted reflects the mental impressions of whomever (the AUSA who faxed the cases or Agent Miller) ferreted out and deemed important the highlighted portions of the cases. As such, they are absolutely protected from disclosure by the opinion work product privilege. Baker v. General Motors Corp., 209 F.3d 1051, 1054. (8th Cir. 2000); United States v. Chatham City Corp., 72 F.R.D. 640, 642 (S.D. Ga. 1976).Claimant Jewell's motion to compel as to this document will be DENIED.

Privilege log Doc. 87 is an FBI interoffice memorandum from Agent Miller to another employee about providing proper notice of the seizure which is the subject of this case. Bengford declaration ¶ 23. The Government asserts the investigatory files privilege and the work product privilege. Agent Miller's direction to a fellow employee about who should be provided notice to comply with the proper procedure pursuant to the law is a result of his conclusions, opinions or legal theories. The document is therefore absolutely protected from disclosure by the opinion work product privilege. Baker v. General Motors Corp., 209 F.3d 1051, 1054. (8th Cir. 2000); United States v. Chatham City Corp., 72 F.R.D. 640, 642 (S.D. Ga. 1976).Claimant Jewell's motion to compel as to this document will be DENIED.

Privilege log Doc. 88 is described only as "Letter to Woldt from Todd Jewell provided to Miller with handwritten notes." This document is not addressed by the declaration of Jackley, Miller or Bengford. It is unclear who provided the letter to Miller, or whose handwritten notes appear on the letter. The Government asserts the investigatory files privilege, and the work product privilege. Because the letter is from Todd Jewell to Woldt, it was obviously not created by the Government or its agent in anticipation of litigation. It is unknown whose handwritten notes appear on the letter. No information has been supplied to determine whether any of the reasons supporting application of the investigatory files privilege pertain to the letter. This document shall be produced for *in*

---

[5]Again, the Government asserted the attorney client privilege in the privilege log, but did not address it in its brief. Instead, the Government relied on the investigatory files and work product privileges. Because non-disclosure of the document is appropriate based on the investigatory and work product privileges, a discussion about the attorney client privilege is not necessary.

*camera* review. See State of Minnesota v. Dept. of Energy, 1982 WL 1155 (D. Minn. 1982); Cox. v. United States Dept. Of Justice, 576 F.2d 1302, 1312-13 (8th Cir. 1978) (court has discretion to review documents *in camera*, but the role of *in camera* inspection should be limited because it is contrary to the traditional judicial role of deciding issues in an adversarial context in open court.).

Privilege log Doc. 97 is a fax which contains information that could reveal the identity of a person who provided undercover assistance to the FBI during the investigation of this matter. Jackley declaration ¶ 6 b, Miller declaration ¶ 8. The Government asserts the investigatory files and work product doctrine. Claimant Jewell has failed to articulate a sufficient reason to overcome the privilege to justify disclosure of this document. See, Mitchell v. Bass, 252 F.2d 513, 516 (8th Cir. 1958) (referring to "informer's privilege" as "well established in the law of evidence.").

## CONCLUSION and ORDER

Fed. R. Civ. P. 26(b) requires civil litigants to provide their opponents with discovery of any matter "not privileged, that is relevant to the claim or defense of any party . . ." A party may obtain discovery of documents or other tangible things prepared in anticipation of litigation by or for another party or by or for that other party's representative (including the other party's attorney or agent) only upon showing substantial need for the materials and an inability to obtain the substantial equivalent of the information by other means. Even if such a showing has been made, the Court must protect against the disclosure of the mental impressions, conclusions, opinions or legal theories of the attorney or agent of the parties.

In these two cases, Claimant Jewell asserts substantial need for the items listed in the Government's privilege log. He asserts he must have this information in order to determine whether Agent Miller's affidavit in support of the seizure warrant contains reckless falsehoods. While the Fourth Amendment's exclusionary rule applies to this quasi-criminal proceeding, a claim that an affidavit contains false statements must be supported by more than a mere allegation. The *possibility* that impeaching materials may be found in the Government's files does not justify a court order allowing discovery of *otherwise privileged* materials. Therefore, **IT IS ORDERED**:

Claimant Jewell's Motions to Compel (Doc. 24 in Civ. No. 06-4016 "Two Bank Accounts" and Doc. 35 in Civ. No. 06-4005 "Eleven Bank Accounts.") are **GRANTED** in part and **DENIED** in part as follows:

      (1)     The Motions to Compel are **GRANTED** as to the following. The Government shall produce copies of the specified documents to Mr. Jewell's attorneys within ten days of the date of this Order:

    (A)    Bates stamped documents 2194-2201, 2242-2244, 2250-2257, and 2297-2299 (bank records);

    (B)    Privilege log Doc. 98 (containing Bates stamped docs. 1-2183) (bank records);

    (C)    Privilege log docs. 69, 71, 74, and 75 (letters from Miller to Woldt);

(2)    The Motions to Compel are **DENIED** as to the following:

    (A)    Bates stamped documents 2943, 2947, and 2948 (information provided to Miller from non-federal agencies);

    (B)    Bates stamped documents 2975-2976 (information provided from a non-federal agency (the South Dakota Attorney General's Office);

    (C)    Bates stamped documents 2982, 2984, 2985, 2994-2995, 3058, 3059, 3061, 3062, 3079-80, 3083, 3084, 3085, 3086-3090, 3093-3097, 3125-3126, 3127, 3128, 3129, 3132, 3134, and 3139 (documents or e-mails received from investigators from the South Dakota or Minnesota Attorney General's offices).

    (D)    Privilege log Document Nos. 1-43, 47, 49, 50, 51, 52, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 77, 78, 79 and 80 (Agent Miller's handwritten notes about his conversations with various persons).

    (E)    Privilege log Doc. 48 (memo regarding Jewell's bank account activities from Denise Monsees, a bank employee, to Lt. Jeff Miller, a Brookings, South Dakota police officer);

    (F)    Privilege log Doc. 53 (working copy of a 302 prepared by an FBI agent other than Agent Miller in a separate, unrelated investigation);

    (G)    Privilege log Doc. 54 (interoffice memo between Agent Miller and another FBI employee about whether there are open investigations pending on the persons listed in the memo);

    (H)    Privilege log Doc. 76 (e-mail correspondence between Agent Miller and another FBI employee);

    (I)    Privilege log Docs. 81, 82 and 83 (public database inquires regarding the assets of Robert and Shirley Woldt and Timothy Jewell and a memorandum summarizing the inquiries, prepared by an FBI employee);

    (J)    Privilege log Doc. 84 (handwritten document prepared by Agent Miller entitled "Outline for Affidavit for Warrant to Seize.");

    (K)    Privilege log Doc. 85 (example of an application and affidavit in support of

seizure warrant which was provided by AUSA Ridgway to Agent Miller);

(L)     Privilege log Doc. 86 (compilation of legal cases faxed from the AUSA's office in Sioux Falls to the FBI office in Sioux Falls);

(M)     Privilege log Doc. 87 (FBI interoffice memorandum from Agent Miller to another employee about providing proper notice of the seizure which is the subject of this case);

(N)     Privilege log Doc. 97 ( fax which contains information that could reveal the identity of a person who provided undercover assistance to the FBI during the investigation of this matter).

(3)     The Government shall, within ten days of this Order, produce copies of the following documents for *in camera* review by the Court.  A ruling on Claimant Jewell's Motions to Compel will follow the *in camera* review.

(A)     Privilege log Docs. 44, 45, 46, 66, 67, 68, 70,72,73,89-96 (the Woldt letters to Agent Miller);

(B)     Privilege log Doc. 88 ("Letter to Woldt from Todd Jewell provided to Miller with handwritten notes").

Dated this ⟨5th⟩ day of January, 2007.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By _Sharon Louro_ , Deputy

(SEAL)