UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CIV. 06-4016-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | GOVERNMENT'S MOTION TO |
| TWO BANK ACCOUNTS DESCRIBED AS: | ) | COMPEL AND DENYING TIMOTHY JEWELL'S MOTION TO DENY |
| | ) | REQUESTS FOR PRODUCTION |
| Bank Account #62233705, in the amount of $197,524.99, at Bank of America, Seattle, Washington; and | ) ) ) | |
| | ) | |
| Bank Account #62230719, in the amount of $20,537.42, at Bank of America, Seattle, Washington, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

This matter is before the court pursuant to a verified amended complaint filed by the United States of America ("government") seeking forfeiture of the two bank accounts described in the above caption. Timothy Jewell has filed pleadings contesting the forfeiture of the accounts and asserting an interest in some of the accounts.

The government seeks an order compelling Mr. Jewell's responses to an unanswered interrogatory and the entirety of its first request for documents. Mr. Jewell, who appears *pro se,* filed two motions regarding this issue, both styled "Motion to Deny Requests for Production." These motions were referred

to this magistrate judge for determination by the district court, the Honorable Karen E. Schreier, Chief Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTS

On February 25, 2008, the government served Timothy Jewell with its first set of interrogatories and requests for the production of documents. Mr. Jewell refused to provide any of the documents requested by the government and refused to answer interrogatory number two.

The government's interrogatory number two provides as follows:

> Provide the name, address, and telephone number of all individuals who have information in support of all alleged defenses Timothy Jewell intends to raise in the above-entitled matter.

As to the documents, Mr. Jewell argues that he is unable to afford the cost of producing the documents the government has requested. In response to this argument, the government has offered to allow Mr. Jewell to produce the documents at the Minneapolis, Minnesota, United States Attorney's Office and the government will copy the documents at its own expense and return the documents to Mr. Jewell. Likewise, the government has asked Mr. Jewell to produce for inspection certain computers used in the transactions alleged in the complaint. Mr. Jewell has refused to allow inspection of these computers.

Mr. Jewell's response also includes a number of statements irrelevant to the issue currently before the court, such as the presumption of Mr. Jewell's innocence, the government's failure to produce documents to Mr. Jewell, and other issues.

**DISCUSSION**

**A.  Scope of Discovery Under Federal Rules of Civil Procedure**

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery in civil cases pending in federal court:

> Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

See Fed. R. Civ. P. 26(b)(1).  Rule 26 contains specific limitations relative to electronic discovery and other objections to providing discovery:

(B)  *Specific Limitations on Electronically Stored Information.*  A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify the conditions for the discovery.

(C)  *When Required.*  On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

   (i)  the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

See Fed. R. Civ. P. 26(b)(2)(B) and (C).  A party claiming a privilege as to requested discovery has the burden of proving the basis for the application of the privilege:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

See Fed. R. Civ. P. 26(b)(5)(A).  If a party fails to respond to a proper request for discovery, or if an evasive or incomplete response is made, the party requesting the discovery is entitled to move for a motion compelling disclosure after having made a good faith effort to resolve the dispute by conferring first with the other party.  See Fed. R. Civ. P. 37(a).

    The scope of discovery under Rule 26(b) is extremely broad.  See 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2007, 36-37 (1970) (hereinafter "Wright & Miller").  The reason for the broad scope of

discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.  To that end, either party may compel the other to disgorge whatever facts he has in his possession."  8 Wright & Miller, § 2007, 39 (quoting Hickman v. Taylor, 329 U.S. 495, 507-08, 67 S. Ct. 385, 392, 91 L. Ed. 2d 451 (1947)).  The Federal Rules distinguish between discoverability and admissibility of evidence.  Fed. R. Civ. P. 26(b)(1), 32, and 33(a)(2).  Therefore, the rules of evidence assume the task of keeping out incompetent, unreliable, or prejudicial evidence at trial.  These considerations are not inherent barriers to discovery, however.

**B.     Consideration of Mr. Jewell's Objections to Discovery**

**1.     Objection to Interrogatory Number Two**

Mr. Jewell states that he has not thought about who he will call as witnesses for trial.  He makes further statements, irrelevant to the government's motion to compel, about the perceived unfairness of this lawsuit, his lack of knowledge of the government's case against him, and his presumption of innocence.

If Mr. Jewell has no witnesses that are known to him at this time, he must give a written answer to the government's interrogatory and say so, under oath.  See Fed. R. Civ. P. 33.  Mr. Jewell is cautioned that he has a continuing duty to supplement his answers as new information becomes known to him. See Fed. R. Civ. P. 26(e).  Therefore, if at some later date, a witness becomes known to Mr. Jewell who he would intend to call as a witness at trial, he must

5

write a new answer, under oath, to interrogatory number two and give the government the name, address, phone number and subject of testimony for each witness as soon as the witness becomes known to Mr. Jewell. Id.

This is not a game. The process of discovery is a two-way street that is designed to allow each party to the lawsuit to discover the facts and witnesses the other party intends to present at the trial of the case. If Mr. Jewell fails to identify his witnesses to the government in a timely fashion in response to interrogatory number two, the court can rule that Mr. Jewell is not allowed to present those witnesses or their testimony at trial as a sanction for failing to comply with the rules of discovery. See Fed. R. Civ. P. 37(c).

Mr. Jewell complains that he knows nothing about the government's case against him. The discovery phase of the litigation–right now–is when he can find out information from the government. Just as the government has asked Mr. Jewell to answer interrogatories and provide documents, Mr. Jewell can serve the government with interrogatories and requests for documents. As the government has noticed depositions, so may Mr. Jewell. Depositions can be attended either in person or via telephone if Mr. Jewell cannot afford to travel to the location of the deposition. Nonparty witnesses must be paid a witness fee and mileage in accordance with Federal Rule of Civil Procedure 45.

No discovery motion can be made to the court unless a party first serves the other party with a proper discovery request (i.e. an interrogatory, a request for a document, a request for an admission, or a deposition notice). If the

discovery request is objected to by the receiving party, or not answered fully and completely, the requesting party must also confer with the receiving party and attempt in good faith to iron out the problem in a mutually-agreeable manner before a motion can be filed with the court. See Fed. R. Civ. P. 37(a)(1).

Therefore, the remedy for Mr. Jewell's lack of knowledge of the government's case is to serve the government with discovery requests and find out what he wants to know. The court will not order the government to provide discovery to Mr. Jewell without a showing by Mr. Jewell that he has served the government with a proper discovery request, the government failed to properly respond, and a good-faith conference between Mr. Jewell and the government to attempt to resolve the problem was unsuccessful.

### 2. Objection to Producing Documents

#### a. Documents

Mr. Jewell objects to the production of documents on the basis of undue expense, but his response makes clear he is not referring strictly to the monetary cost of responding, but also to the time and mental effort involved in responding. Regardless of what "cost" Mr. Jewell is referring to, he has not alleged sufficient facts from which the court could conclude that it would create an undue burden or expense on him to respond. The burden is on the party resisting discovery to demonstrate a proper basis for not providing

discovery that is otherwise relevant to the action.  See Fed. R. Civ. P. 26(b)(5) and (c).  Mr. Jewell has not carried his burden.

Mr. Jewell asserts that some of the documents responsive to the government's request are in Hunter, Washington, and that he lacks the resources to personally travel to Washington to retrieve the documents.  However, Mr. Jewell gives the court no facts from which the court could conclude that his personal travel to Washington is necessary in order to respond.  Mr. Jewell may be able to contact the custodian of the records or some third party and ask that the documents be sent to the government.  Alternatively, Mr. Jewell may be able to request duplicates of the documents from a financial institution or the like.  No facts have been asserted from which the court can conclude that Mr. Jewell must personally travel to Washington in order to respond to the government's request.

Finally, the court notes that any burden on Mr. Jewell in responding to the government's document request is ameliorated by the government's offer to allow Mr. Jewell to produce the originals of his documents to the United States Attorney's Office in Minneapolis, Minnesota, which is less than 100 miles from Mr. Jewell's home.  The government offers to then take charge of making copies of the documents and will return them to Mr. Jewell within a reasonable time.

### b.   Computer Hard Drives

The government has asked to be allowed to examine computers that were used in the various businesses discussed in the complaint.  Mr. Jewell initially

told the government he did not have the computers, then revealed that he has the computers, but has objected to providing them to the government. In his "reply" to the government's motion to compel, Mr. Jewell indicates that, after the government made its document request, Mr. Jewell removed the hard drives from the computers and hired a third party to create a mirror image of the hard drives in question.

     The court will order Mr. Jewell to provide the computers to the government for inspection. The government is not bound to accept the mirror image created by the third party. The government shall promptly create a mirror image of the hard drives of these computers and return the computers promptly to Mr. Jewell. Generally, the party making the discovery request–here, the government–has the right to specify the location where the document or item is to be produced for inspection, so long as the location is reasonable. See Fed. R. Civ. P. 34(b)(1). The government offers to travel to the location where the computers are currently located in order to conduct its requested inspection. Without further facts or argument from Mr. Jewell, that seems imminently reasonable under Rule 34 as it will not require Mr. Jewell to move the computers from their current location.

     Again, the court cautions Mr. Jewell that neither this lawsuit, nor the discovery process, is a game. The court expects Mr. Jewell to deal with the government in good faith and to be honest and forthright in his answers to the government's discovery requests.

Destruction of evidence is a serious matter. The court is concerned that, after the government told Mr. Jewell to leave the computers intact and not to disassemble them, and then filed pleadings with this court to prevent such action by Mr. Jewell, Mr. Jewell nevertheless proceeded to remove the hard drives from the computers and have them copied. If any evidence was destroyed in the process, Mr. Jewell can be held accountable.

The court is cognizant of the fact that Mr. Jewell is proceeding in this matter *pro se* and that he is not a lawyer. Accordingly, attached to the opinion filed today in companion case Civ. 06-4005 are copies of some of the relevant rules of civil procedure governing the conduct of discovery in this case. Mr. Jewell is urged to read these rules and conduct himself accordingly.

## CONCLUSION

Good cause appearing, it is hereby

ORDERED that the government's motion to compel [Docket 107] is granted in its entirety. Mr. Jewell shall serve the government with his answer, under oath, to interrogatory number two immediately. He shall also produce the documents requested by the government to the Minneapolis, Minnesota, United States Attorney's Office within 20 days of this order. The government shall copy the same and return these documents to Mr. Jewell within 30 days of their receipt. Finally, Mr. Jewell shall immediately make the computers requested available to the government for inspection and copying.

It is further

ORDERED that Mr. Jewell's motions to deny requests for production [Docket Nos. 86 and 113] are denied.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. See Fed. R. Crim. P. 58(g)(2). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require review by the district court.

Dated July 2, 2008.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE