UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. 06-4016-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TWO BANK ACCOUNTS | ) | ORDER DENYING IN PART |
| DESCRIBED AS: | ) | JEWELL'S MOTION FOR |
| | ) | IMMEDIATE DISMISSAL OR A |
| Bank Account | ) | COURT-ORDERED |
| In the amount of $197,524.99 | ) | JURY TRIAL |
| Bank of America | ) | |
| Seattle, Washington | ) | |
| | ) | |
| Bank Account | ) | |
| In the amount of $20,537.42 | ) | |
| Bank of America | ) | |
| Seattle, Washington | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| | ) | 06-4005 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 11 BANK ACCOUNTS | ) | |
| DESCRIBED AS: | ) | |
| | ) | |
| Certificate of Deposit | ) | |
| In the amount of $100,383.56 | ) | |
| Minnwest Bank | ) | |
| Luverne, Minnesota | ) | |
| | ) | |
| Certificate of Deposit | ) | |
| In the amount of $100,404.11 | ) | |
| Minnwest Bank | ) | |
| Tracy, Minnesota | ) | |

| | |
|---|---|
| Certificate of Deposit | ) |
| In the amount of $100,410.96 | ) |
| Minnwest Bank | ) |
| Montivideo, Minnesota | ) |
| | ) |
| Certificate of Deposit | ) |
| In the amount of $100,465.75 | ) |
| Minnwest Bank | ) |
| Ortonville, Minnesota | ) |
| | ) |
| Bank Account | ) |
| In the amount of $18,015.75 | ) |
| Minnwest Bank | ) |
| Ortonville, Minnesota | ) |
| | ) |
| Bank Account | ) |
| In the amount of $76,543.07 | ) |
| Minnwest Bank | ) |
| Ortonville, Minnesota | ) |
| | ) |
| Bank Account | ) |
| In the amount of $4,292.51 | ) |
| Brookings Federal Bank | ) |
| Brookings, South Dakota | ) |
| | ) |
| Certificate of Deposit | ) |
| In the amount of $100,438.00 | ) |
| Minnwest Bank | ) |
| Redwood Falls, Minnesota | ) |
| | ) |
| Bank Account | ) |
| In the amount of $170,122.48 | ) |
| American Express | ) |
| Minneapolis, Minnesota | ) |
| | ) |
| Bank Account | ) |
| In the amount of $2,693.54 | ) |
| Bank of America | ) |
| Seattle, Washington | ) |
| | ) |
| Bank Account | ) |
| In the amount of $54,529.99 | ) |
| Bank of America | ) |
| Seattle, Washington | ) |
| | ) |
| Defendants. | ) |

Timothy Jewell, pro se, moves for immediate dismissal of the consolidated civil forfeiture action or, in the alternative, a court-ordered jury trial. The government opposes the motion. The motion is denied in part.

## DISCUSSION

Jewell argues that the civil forfeiture actions filed by the government should be dismissed because they are based upon untruthful information provided by FBI Special Agent Matt Miller. Jewell further argues that the government is trying to obtain ownership of the defendant bank accounts through mere technicalities instead of any alleged illegal activity related to a pyramid scheme. Finally, Jewell asserts that the court has already determined that he has standing in relation to the defendant bank accounts and that he is entitled to a jury trial. The government responds that Jewell's motion is untimely because it was filed on December 12, 2008, and the deadline for filing motions in this matter was November 7, 2008. The government also argues that because Jewell has failed to set forth any legal grounds for dismissal of the civil forfeiture actions, his motion should be denied.

### I.     Timeliness of Jewell's Motion

The deadline for filing motions in this case was November 7, 2008. Civ. No. 06-4016, Docket 148 and Civ. No. 06-4005, Docket 270. Here, Jewell filed his motion for immediate dismissal or a court-ordered jury trial on December 2, 2008. Civ. No. 06-4016, Docket 186. Thus, Jewell filed his motion almost one month after the motion deadline. The government has filed numerous motions to extend deadlines in these cases. See Civ. No. 06-

4016, Docket 19, Docket 89, Docket 94, and Docket 136; Civ. No. 06-4005, Docket 15, Docket 32, Docket 72, Docket 91, Docket 154, Docket 187, Docket 195, and Docket 252.  Thus, under the unique circumstances of this case, the court will consider Jewell's motion as timely filed and instead address the motion on its merits.

## II.   Court's Order on Government's Motion for Summary Judgment

### A.   United States v. Eleven Bank Accounts, Civ. No. 06-4005

On January 12, 2006, the government filed an amended verified complaint, which commenced a civil forfeiture action against eleven bank accounts.  Docket 5.  Approximately one month later, on February 14, 2006, Jewell filed a verified answer to the amended verified complaint.  Docket 13.  Jewell also filed a claim of right or title statement of interest, stating that he believed that he had an ownership and/or security interest in ten of the eleven defendant bank accounts.[1]  Docket 97.  One week later, Jewell filed a support statement of interest with regards to three bank accounts: a bank account in the amount of $2,693.54 (Black Rhino account); a bank account in the amount of $54,429.99 (Mountain Aire Equity account); and a bank account in the amount of $170,122.48 (Transworld account).  Docket 116.

---

[1] Jewell claims an ownership and/or security interest in the bank accounts in the amount of $100,383.56; $100,404.11; $100,410.96; $100,465.76; $18,015.75; $76,543.07; $100,438.00; $170,122.48; $2,693.54; and $54,429.99.  Jewell did not claim an ownership and/or security interest in the bank account in the amount of $4,292.51.  Docket 97.

The government moved to strike Jewell's claim of right or title statement of interest and support statement of interest in claim.  Docket 126.  Magistrate Judge Duffy recommended that the government's motion be granted in part and denied in part.  Magistrate Judge Duffy determined that Jewell's filings had complied with procedural requirements so as to allow Jewell to proceed with his claims to the Black Rhino, Mountain Aire Equity, and Transworld accounts, but that he had not established statutory standing to resist forfeiture of any of the other defendant bank accounts.  Docket 150.  The court adopted Magistrate Judge Duffy's recommendation and granted in part and denied in part the government's motion.  The court determined that Jewell's verified answer and claims were sufficient to establish standing in relation to the Black Rhino, Mountain Aire Equity, and Transworld accounts, but that Jewell was required to file a verified claim in relation to these accounts that fully complied with Supplemental Rule C(6).  The court further determined that Jewell did not have standing to contest forfeiture of the other eight accounts because the claims he filed were untimely and insufficient.  Docket 212.  In accordance with the court's order, Jewell filed a formal verification, which stated that he had an interest in the Black Rhino and Mountain Aire Equity accounts.[2]  Docket 220.

---

[2] In his formal verification filing, Jewell did not verify that he had an interest in the Transworld account.  See Docket 220

5

Accordingly, Jewell has claimed an interest in only two of the eleven bank accounts: the Black Rhino and Mountain Aire Equity accounts.

The government moved for summary judgment as to the Black Rhino and Mountain Aire Equity accounts, arguing that Jewell did not have Article III standing in relation to the two bank accounts. The court granted the motion in part, determining that Jewell did not have Article III standing with regards to the Black Rhino and Mountain Aire Equity accounts. The court found that because the bank accounts are in the names of corporations, Black Rhino, Inc. and Mountain Aire Equity, Inc., the corporations own the money in these accounts and it is the property of the corporations. Jewell, as a shareholder of both corporations, does not own or have an ownership interest in the money located in the corporations' bank accounts. The court concluded that Jewell failed to demonstrate a sufficient ownership interest in the bank accounts to create a case or controversy and, as a result, he did not have Article III standing to contest forfeiture of the Black Rhino or Mountain Aire Equity accounts. Docket 194.

Because Jewell has not established Article III standing in regards to the Black Rhino and Mountain Aire Equity accounts, he is not a proper party to this action and is not entitled to file pleadings. As a result, Jewell's motion for immediate dismissal or, in the alternative, a court-ordered jury trial is denied.

**B.     United States v. Two Bank Accounts, Civ. No. 06-4016**

On January 20, 2006, the government filed a verified complaint for seizure of two defendant bank accounts, thereby commencing a second civil forfeiture action. Docket 1. Jewell filed a verified answer to the verified complaint on February 1, 2006. Docket 10. On November 19, 2007, Jewell filed a support statement of interest in claim, stating that Harvey Dockstader, Jr., had assigned Dockstader's claim to the two defendant bank accounts to him. Docket 63. The government moved to strike Jewell's verified answer and for default judgment. Docket 66. The court denied the government's motion and provided Jewell additional time to file a verified claim that fully complied with the procedural requirements. Docket 110. Pursuant to the court's order, Jewell filed a document, verifying and declaring under penalty of perjury, that he has a claim in the two defendant bank accounts. Docket 115.

The government moved for summary judgment in relation to the two defendant bank accounts. The government argued that Jewell, an unsecured creditor, did not have standing to assert a claim in a civil forfeiture action. The court determined that the record before it was inadequate to resolve the issue of Jewell's standing in relation to the defendant bank accounts. The court noted that the government failed to address Dockstader's assignment of rights to the bank accounts to Jewell and whether such assignment was valid to vest Jewell with standing.

Consequently, the court requested that the parties submit supplemental briefs on this issue. Accordingly, the court has reserved ruling on the government's motion for summary judgment in relation to the two defendant bank accounts. Docket 194.

Because the court has not determined whether Jewell has standing in relation to the two defendant bank accounts, it will reserve ruling on Jewell's motion for immediate dismissal or, in the alternative, a court-ordered jury trial until the court rules upon the issue of Jewell's standing.

Accordingly, it is hereby

ORDERED that Jewell's motion for immediate dismissal or a court-ordered jury trial in relation to the Black Rhino and Mountain Aire Equity accounts in United States v. Eleven Bank Accounts, Civ. No. 06-4005 (Docket 183) is denied.

IT IS FURTHER ORDERED that the court reserves ruling on Jewell's motion for immediate dismissal or a court-ordered jury trial in relation to the two defendant bank accounts in United States v. Two Bank Accounts, Civ. 06-4016 until the court receives supplemental briefs from the parties and rules on the government's motion for summary judgment.

Dated January 5, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE