UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. 06-4016-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DENYING WOLDT'S |
| TWO BANK ACCOUNTS | ) | MOTION FOR IMMEDIATE |
| DESCRIBED AS: | ) | DISMISSAL AND RETURN |
| | ) | OF ALL FUNDS PLUS |
| Bank Account | ) | INTEREST |
| In the amount of $197,524.99 | ) | |
| Bank of America | ) | |
| Seattle, Washington | ) | |
| | ) | |
| Bank Account | ) | |
| In the amount of $20,537.42 | ) | |
| Bank of America | ) | |
| Seattle, Washington | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | | |
| | ) | 06-4005 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 11 BANK ACCOUNTS | ) | |
| DESCRIBED AS: | ) | |
| | ) | |
| Certificate of Deposit | ) | |
| In the amount of $100,383.56 | ) | |
| Minnwest Bank | ) | |
| Luverne, Minnesota | ) | |
| | ) | |
| Certificate of Deposit | ) | |
| In the amount of $100,404.11 | ) | |
| Minnwest Bank | ) | |
| Tracy, Minnesota | ) | |

Certificate of Deposit )
In the amount of $100,410.96 )
Minnwest Bank )
Montivideo, Minnesota )
)
Certificate of Deposit )
In the amount of $100,465.75 )
Minnwest Bank )
Ortonville, Minnesota )
)
Bank Account )
In the amount of $18,015.75 )
Minnwest Bank )
Ortonville, Minnesota )
)
Bank Account )
In the amount of $76,543.07 )
Minnwest Bank )
Ortonville, Minnesota )
)
Bank Account )
In the amount of $4,292.51 )
Brookings Federal Bank )
Brookings, South Dakota )
)
Certificate of Deposit )
In the amount of $100,438.00 )
Minnwest Bank )
Redwood Falls, Minnesota )
)
Bank Account )
In the amount of $170,122.48 )
American Express )
Minneapolis, Minnesota )
)
Bank Account )
In the amount of $2,693.54 )
Bank of America )
Seattle, Washington )
)
Bank Account )
In the amount of $54,529.99 )
Bank of America )
Seattle, Washington )
)
   Defendants. )

2

Robert Woldt, pro se, moves for immediate dismissal of the civil forfeiture action, United States v. Eleven Bank Accounts, Civ No. 06-4005, and for return of all funds the government has seized in connection with the case plus interest. The government opposes the motion. The motion is denied.

## FACTUAL BACKGROUND

On January 19, 2006, the government filed an amended verified complaint, commencing United States v. Eleven Bank Accounts, Civ. No. 06-4005, a civil forfeiture action against eleven defendant bank accounts. Docket 5.[1] About a month later, on February 10, 2006, Robert Woldt filed a verified answer to the amended verified complaint. Docket 11. Almost two years later, on October 18, 2007, the government moved to strike Woldt's Verified Answer for failure to comply with the requirements of 18 U.S.C. § 983(a)(4) and Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Docket 83. Subsequently, on November 20, 2007, Woldt filed statements of interest and claims of ownership in nine of the eleven defendant property bank accounts.[2] Dockets 103-112.

---

[1] This action has been consolidated with United States v. Two Bank Accounts, Civ. No. 06-4016. Docket 274. But Woldt did not file any documents in relation to the two bank accounts seized in that case. Accordingly, the court will only address the case against the eleven bank accounts.

[2] Woldt filed a statement of interest and claim of ownership in relation to the defendant bank accounts in the amounts of $100,410.96; $100,404.11; $100,383.56; $76,543.07; $100,438.00; $100,465.75; $18,015.75; $4,292.51; and $170,122.48. Dockets 103-112.

3

The court granted the government's motion to strike the answer of Woldt, finding that Woldt failed to timely file a verified answer or verified statement of interest, and ordered Woldt's answer be stricken from the record. Docket 114. As a result, the government moved to dismiss or, in the alternative, to strike Woldt's statements of interest and claims of ownership. Docket 131. Magistrate Judge Duffy recommended that the government's motion to strike Woldt's claims should be granted because Woldt had not responded to the government's motion, had not moved the court for an extension of time, and had not given any reason explaining why his clams were filed in such an untimely manner. Docket 152. The court adopted Magistrate Judge Duffy's report and recommendation, granted the government's motion to strike Woldt's claims, and ordered that Woldt's claims be stricken from the record. Docket 210.

As a result, the government filed an application for clerk's entry of default as to Woldt, and the clerk entered default judgment as to Woldt. Civ. No. 06-4016, Docket 154 and Docket 157. The government also moved for entry of default judgment as to Woldt, and the court granted that motion and entered an order of default judgment as to Woldt. Civ. 06-4016, Docket 181.

## DISCUSSION

Woldt argues that the court should dismiss this civil forfeiture case and return all funds plus interest because the action is based upon lies perpetuated by FBI Special Agent Matt Miller and Assistant United States Attorney Stephanie Bengford. Woldt emphasizes that he filed his answer to

the amended verified complaint within the requisite twenty-day deadline. Woldt asserts that as a United States citizen, he is entitled to a jury trial and has been denied that right.  Finally, Woldt stresses that the FBI and Justice Department have presented incorrect information to the court.[3]  The government responds that Woldt does not have standing to file motions in this case and has been informed that he is not a proper party to this litigation.  The government asserts that the court has informed Woldt that it is improper for him to file pleadings as if he was a party.  The court has already determined that Woldt has not established statutory standing in this matter because he failed to timely file a verified answer and a verified statement of interest.  Docket 114.  While Woldt may have filed a verified answer to the amended verified complaint (Docket 11), this is not sufficient to establish statutory standing.

To establish statutory standing, a claimant must comply with the procedural requirements set forth in Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions C(6)(a) and 18 U.S.C. § 983(a)(4)(A).  Pursuant to Rule C(6)(a)(i),[4] in a civil forfeiture case,

---

[3] As one example of the incorrect information being conveyed by the Justice Department, Woldt cites the fact that the Justice Department stated that it would not mediate the claim with any parties but later offered to mediate a settlement with Timothy Jewell and, consequently, returned Jewell's money.

[4] Supplemental Rule C(6) has been amended with the changes becoming effective on December 1, 2006.  But the United States Supreme Court, in approving the amendment, stated that the amendments shall govern pending proceedings "insofar as just and practicable."  Supplemental Rule C(6) was amended to allow claimants only ten days to file a verified statement of right or interest instead of thirty days.  Under the circumstances of this case,

> a person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right
>
>> (A) within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4), or
>> (B) within the time the court allows.

Further, any person who files a statement of interest or right against the property must serve an answer within twenty days after filing the statement. Supplemental Rule C(6)(a)(iii).

The requirement in Supplemental Rule C(6) that both a claim and an answer be filed is "plain and unambiguous." United States v. United States Currency Totalling $3,817.49, 826 F.2d 785, 787 (8th Cir. 1987). Strict compliance with Supplemental Rule C(6) requires both a claim and an answer. United States v. Ford 250 Pickup 1990, 980 F.2d 1242, 1245 (8th Cir. 1992). The Eighth Circuit has repeatedly held that it is not an abuse of discretion for district courts to require strict compliance with Supplemental Rule C(6). See Ford 250 Pickup, 980 F.2d at 1244 (affirming a district court's finding that the claimant did not have standing to assert the claim because he had not filed an answer in accordance with Supplemental Rule C(6) and had not demonstrated excusable neglect, mitigating circumstances, or a good faith attempt to comply); United States v. One Parcel of Property Located at RR2, Independence, Iowa, 959 F.2d 101, 104 (8th Cir. 1992)

---

application of the ten-day deadline instead of the thirty-day deadline would not be just and practicable as envisioned by the Supreme Court. Accordingly, the court will apply Supplemental Rule C(6) as it existed as the time the government filed its verified complaint.

(affirming a district court's grant of default judgment because the claimants' claims did not comply with the verification requirement of Supplemental Rule C(6) and the government's motions to strike claimants' claims and answers were unresisted); and United States v. Beechcraft Queen Airplane, 789 F.2d 627, 630 (8th Cir. 1986) (affirming a district court's holding that required strict compliance with Supplemental Rule C(6) and struck the claimant's answer because it was not preceded by a verified claim). The Second Circuit has also noted that strict compliance with Supplemental Rule C(6) is "typically required." United States v. Amiel, 995 F.2d 367, 371 (2d Cir. 1993).

Although Woldt filed an answer in this case, he did not timely file a verified statement identifying his interest or right in the defendant bank accounts. Woldt failed to file a verified statement identifying his interest or right in the seized property within thirty days of the service of the government's complaint or completed publication notice as required by Rule C(6). Instead, Woldt filed a claim of right or title statement of interest on November 19, 2007, almost two years after the government filed its amended verified complaint and published notice of the civil forfeiture action. Docket 97. Accordingly, Woldt has not established statutory standing in this case. Consequently, he is not a proper party to this action and is not entitled to file pleadings. The court instructs Woldt again that if he files pleadings in the future in contravention of the court's rulings that he is not a legal party to this matter, the court will consider imposing

monetary or other sanctions against Woldt pursuant to Federal Rule of Civil Procedure 11.[5]

Accordingly, it is hereby

ORDERED that Woldt's motion for immediate dismissal and return of all funds plus interest (Docket 178) is denied.

Dated January 5, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

---

[5] Federal Rule of Civil Procedure 11 provides that by presenting to the court a pleading, written motion, or other paper, an unrepresented party certifies that to the best of his knowledge, information, and belief, formed after a reasonable inquiry: it is not being presented for any improper purpose; the claims, defenses and other legal contentions are warranted by existing law; the factual contentions have or will likely have evidentiary support; and the denials of factual contentions are warranted on the evidence.