UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV.  06-4016-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TWO BANK ACCOUNTS DESCRIBED AS: | ) | ORDER DENYING JEWELL'S MOTION FOR RECONSIDERATION |
| | ) | |
| Bank Account In the amount of $197,524.99 Bank of America Seattle, Washington | ) | |
| | ) | |
| Bank Account In the amount of $20,537.42 Bank of America Seattle, Washington | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| | ) | 06-4005 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 11 BANK ACCOUNTS DESCRIBED AS: | ) | |
| | ) | |
| Certificate of Deposit In the amount of $100,383.56 Minnwest Bank Luverne, Minnesota | ) | |
| | ) | |
| Certificate of Deposit In the amount of $100,404.11 Minnwest Bank Tracy, Minnesota | ) | |

| | |
|---|---|
| Certificate of Deposit | ) |
| In the amount of $100,410.96 | ) |
| Minnwest Bank | ) |
| Montivideo, Minnesota | ) |
| | ) |
| Certificate of Deposit | ) |
| In the amount of $100,465.75 | ) |
| Minnwest Bank | ) |
| Ortonville, Minnesota | ) |
| | ) |
| Bank Account | ) |
| In the amount of $18,015.75 | ) |
| Minnwest Bank | ) |
| Ortonville, Minnesota | ) |
| | ) |
| Bank Account | ) |
| In the amount of $76,543.07 | ) |
| Minnwest Bank | ) |
| Ortonville, Minnesota | ) |
| | ) |
| Bank Account | ) |
| In the amount of $4,292.51 | ) |
| Brookings Federal Bank | ) |
| Brookings, South Dakota | ) |
| | ) |
| Certificate of Deposit | ) |
| In the amount of $100,438.00 | ) |
| Minnwest Bank | ) |
| Redwood Falls, Minnesota | ) |
| | ) |
| Bank Account | ) |
| In the amount of $170,122.48 | ) |
| American Express | ) |
| Minneapolis, Minnesota | ) |
| | ) |
| Bank Account | ) |
| In the amount of $2,693.54 | ) |
| Bank of America | ) |
| Seattle, Washington | ) |
| | ) |
| Bank Account | ) |
| In the amount of $54,529.99 | ) |
| Bank of America | ) |
| Seattle, Washington | ) |
| | ) |
| Defendants. | ) |

Timothy Jewell, pro se, filed two documents requesting the court to dismiss the case or grant him a hearing to present his case.  Based upon the discussion below, the court construes Jewell's documents as a motion to reconsider the court's prior rulings.  The motion is denied.

## DISCUSSION

Jewell filed a document entitled Claimants Response to Dockets 190-192-198-200-202-204-206 (Docket 209 in Civ. 06-4016), requesting the court to dismiss the case based on numerous errors made by the government and the court, which resulted in infringement on his individual rights.  More specifically, Jewell asserts that the case should be dismissed and his money returned because FBI Agent Matt Miller mislead the court, his retained attorney was inept, the government filed untimely motions, and the court granted some of the government's motions before allowing Jewell to object to them.  Additionally, Jewell filed a letter (Docket 208 in Civ. 06-4016), requesting a hearing before the court regarding the legality of the seizure of his bank accounts.  He argues that his bank accounts were unlawfully seized and that the court has allowed the government to assert a technicality, Article III standing, over three years after the bank accounts were seized in order to deprive him of his personal finances.

Jewell filed both of these documents pro se.  "Pro se motions are . . . to be construed liberally."  Baldwin v. Credit Based Asset Servicing and Securitization, 516 F.3d 734, 737 (8th Cir. 2008).  Construing the two

3

documents filed by Jewell liberally, the court will consider these documents as a motion to reconsider.  Therefore, Jewell is essentially asking the court to reconsider its prior rulings regarding his rights to the seized bank accounts.

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding," because of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(2) & (6).  Rule 60(b) " 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.' " Sanders v. Clemco Indus., 862 F.2d 161, 169 n.14 (8th Cir. 1988) (citation omitted).  See also United States v. One Parcel of Property Located at Tracts 10 & 11 of Lakeview Heights, 51 F.3d 117, 120 (8th Cir. 1995) (stating "[a] district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances") and Mitchell v. Shalala, 48 F.3d 1039, 1041 (8th Cir. 1995) (stating "[g]enerally, Rule 60(b) provides for exceptional relief, which may be granted only upon a showing of exceptional circumstances").  Although relief under the rule is "extraordinary," a Rule 60(b) motion is "committed to the sound discretion of the trial court." MIF Realty L.P. v. Rochester Assocs, 92 F.3d 752, 755 (8th Cir. 1996).

Rule 60(b) only "authorizes relief based on certain enumerated circumstances." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). Rule 60(b) "is not a vehicle for simple reargument on the merits." Id. Thus, a "motion to reconsider" pursuant to Rule 60(b) is properly denied where the movant "d[oes] nothing more than reargue, somewhat more fully, the merits of their claim." Id. See also Sanders, 862 F.2d at 170 (stating that a Rule 60(b) motion may be denied where it raises only issues of law previously rejected by the court because the failure to present reasons not previously considered by the court "alone is a controlling factor against granting relief").

Here, Jewell has presented no newly discovered evidence. Further, Jewell has not demonstrated any other reason that justifies relief. In fact, in his recently filed documents, Jewell makes the same arguments based on the same allegations as he has made on previous occasions. See Docket 183 in Civ. 06-4016 and Docket 184 in Civ. 06-4016. As noted above, a motion for reconsideration is not properly granted when the movant does nothing more than reargue the merits of his claim. Accordingly, Jewell's motion is denied.

Jewell also complains that the court did not allow him to object to the government's motions before it entered orders regarding those motions. The only order the court entered before waiting for Jewell to object to the government's motion was the Final Order of Forfeiture in case Civ. 06-4005.

5

Docket 206 in Civ. 06-4016.[1]  But Jewell did not have a right to object before the court entered the final order of forfeiture in that case.  Jewell did not have standing to any of the eleven seized bank accounts in Civ. 06-4005 based upon his failure to assert interests in certain bank accounts and the summary judgment order entered by the court.

In Civ. 06-4005, the government seized eleven bank accounts.  Docket 5.  The court determined that Jewell had statutory standing in relation to three of the eleven accounts, which included the Black Rhino, Mountain Aire Equity, and Transworld accounts, because he had properly filed a verified answer and claims in relation to these accounts.  The court, however, ordered Jewell to file a verified claim to these accounts that fully complied with Supplemental Rule C(6).  The court found that Jewell did not have statutory standing as to the other eight accounts because the claims he filed were untimely and insufficient.  Docket 212 in Civ. 06-4005.  In accordance with the court's order, Jewell filed a formal verification, which stated that he had an interest in the Black Rhino and Mountain Aire Equity

---

[1] Jewell also asserts the court failed to give him the appropriate time to respond to the government's motion for final order of forfeiture (Docket 190 in Civ. 06-4016), government's motion for partial order of final forfeiture (Docket 192 in Civ. 06-4016), and government's motion to withdraw (Docket 200 in Civ. 06-4016).  As demonstrated by the record, these motions had no effect on Jewell because the motions for final forfeiture were withdrawn by the government with the court's approval.

accounts. Docket 220 in Civ. 06-4005.[2] Consequently, Jewell claimed an interest and had statutory standing with regards to only two of the eleven bank accounts: the Black Rhino and Mountain Aire Equity accounts.

The government then moved for summary judgment as to the Black Rhino and Mountain Aire Equity accounts arguing, in part, that Jewell did not have Article III standing as to these accounts. The court granted the summary judgment motion as to the Black Rhino and Mountain Aire Equity accounts after finding that Jewell did not have Article III standing in relation to these accounts. The court determined that Jewell, as a shareholder, does not have an ownership interest in the Black Rhino and Mountain Aire Equity accounts because these bank accounts are maintained in the names of corporations, Black Rhino, Inc. and Mountain Aire Equity, Inc. As a result, the court found that Jewell did not have Article III standing to contest forfeiture of the Black Rhino or Mountain Aire Equity accounts. Docket 194 in Civ. 06-4016.

Because Jewell did not properly claim an interest in nine of the bank accounts and because corporations maintain the two other bank accounts to which Jewell did assert an interest, Jewell does not have standing with regards to any of the eleven bank accounts in Civ. 06-4005.[3] As a result,

---

[2] In his formal verified filing, Jewell did not verify that he had an interest in the Transworld account. See Docket 220 in Civ. 06-4005.

[3] Jewell does not have Article III standing as to the Black Rhino and Mountain Aire Equity accounts, and he does

7

Jewell did not have standing to object to the government's motion for final forfeiture regarding the eleven bank accounts in Civ. 06-4005 and, thus, the court granted the motion.[4]

If Jewell desires to take further issue with the court's ruling that he does not have standing regarding the eleven bank accounts in Civ. 06-4005, he may appeal the matter to the United States Court of Appeals for the Eighth Circuit.  Accordingly, it is hereby

ORDERED that Jewell's motion for reconsideration is denied.

Dated January 27, 2009.

                BY THE COURT:

                /s/ *Karen E. Schreier*
  &nbsn;             KAREN E. SCHREIER
                CHIEF JUDGE

---

not have statutory standing as to the remaining nine bank accounts seized in Civ. 06-4005.

[4] No other interested third party had established standing in relation to the eleven bank accounts in 06-4005.  See Docket 194 in Civ. 06-4016.